UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS ALLEN PENDYGRAFT,

    Petitioner,

v.                                                       Case No. 2:07-cv-058
                                                       HON. GORDON J. QUIST

GERALD HOFBAUER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Dennis Allen Pendygraft filed this petition for writ of habeas corpus challenging the validity of his conviction for assault with intent to do great bodily harm less than murder, in violation of MCL § 750.84. Petitioner was convicted on March 27, 2002, following a jury trial. On May 9, 2002, petitioner was sentenced as a habitual offender to a term of nine to twenty years imprisonment. Following his conviction, petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals rejected petitioner's claims, and the Michigan Supreme Court denied leave to appeal. Petitioner then filed a motion for relief from judgment in the trial court, which was denied. Petitioner next filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal, as did the Michigan Supreme Court.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter

is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Was the defendant/appellant denied effective assistance of counsel under the state and federal constitution?

II. The state trial court sentenced petitioner based on facts not supported by compet[e]nt evidence.

Petitioner was convicted of assaulting his ex-wife, Michelle Pendygraft. On the day of trial, petitioner's trial counsel requested that she be allowed to withdraw representation because of a grievance petitioner filed against her. The trial court denied the request and the trial proceeded. During trial, the victim was not called to testify by either the prosecution or defense counsel. At sentencing, defense counsel objected to the scoring of the guidelines for several offense variables.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district

court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he received ineffective assistance of counsel. Petitioner refers to three instances where he argues that he was denied effective assistance of trial counsel. The first, petitioner argues, occurred when petitioner's trial counsel did not confront and cross-examine the victim, even though the court admitted hearsay evidence obtained from the victim. Petitioner raised this issue on his direct appeal in the form of a due process and an ineffective assistance claim. The Michigan Court of Appeals rejected petitioner's claim on both grounds. With respect to the ineffective assistance claim concerning the failure to call the victim, the Michigan Court of Appeals stated:

> Defendant's ineffective assistance of counsel claim and his contention that he was denied due process of law because his trial counsel did not call Pendygraft to testify are inextricably intertwined. Therefore, we review them together. Defendant has failed to preserve his ineffective assistance of counsel claim because he made neither a motion for a new trial nor a request for an evidentiary hearing prior to appeal. "However, the absence of a motion for new trial or an evidentiary hearing is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit this court to reach and decide the issue." *People v. Johnson*, 144 Mich. App. 125, 129 (1985). In the present case, at least with respect to counsel's failure to call Pendygraft as a witness, the record contains sufficient details for this Court to decide the issue.
>
> In order to prevail on his claim of ineffective assistance of counsel, "defendant must show (1) that the attorney's performance was

objectively unreasonable in light of prevailing professional norms and (2) that, but for the attorney's error or errors, a different outcome reasonably would have resulted." *People v. Harmon*, 248 Mich. App. 522, 531 (2001). "Effective assistance of counsel is presumed," and "defendant bears a heavy burden of proving otherwise." *People v. Rockey*, 237 Mich. App. 74, 76 (1999). Moreover, "[d]ecisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy," and "[t]his court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. at 76-77. Furthermore, "[i]neffective assistance of counsel can take the form of failure to call witnesses only if the failure deprives the defendant of a substantial defense," which means that it might have made a difference in the outcome of trial. *People v. Hyland*, 212 Mich. App. 701, 710, *vacated in part on other grounds*, 453 Mich. 902 (1996).

In the present case, "because no motion for a new trial or an evidentiary hearing was made, this Court's review of defendant's claim is limited to the present record." *Johnson*, *supra*, 129-130. At trial, officers testified that Pendygraft was initially uncooperative, initially stated that she did not know who had assaulted her, and only did so later at the hospital. Moreover, on the night she was assaulted, Pendygraft presented false information to the police by stating her name was Cynthia Chavez, a known alias she has used in the past, and another name, Sylvia, which does not appear to be either her married or maiden name. Police testimony also revealed that Pendygraft had previously been arrested by the responding officers. Moreover, at the May 9, 2002, sentencing hearing, Pendygraft testified "I've been hiding from [defendant] because I wanted to get high. I was high at the time when this happened." Pendygraft also stated "I feel that [defendant] needs intense counseling for drugs, alcohol and abuse." Based on these facts, we conclude that counsel's failure to call Pendygraft as a witness falls within the presumption of reasonable trial strategy, as Pendygraft's character for truthfulness may have been attacked under MRE 608.

Defendant also argues that Pendygraft's statements at the sentencing hearing would have affected the outcome of the trial. However, although Pendygraft's statements that defendant was not stalking her and did not drag her into the bushes may have been relevant for the purposes of the trial court's determination of sentence, they would not constitute a substantial defense that "might have made a difference in the outcome of trial." *Hyland*, *supra*, 710. Specifically, they would not have provided defendant with a defense to the charge of assault

> with intent to do great bodily harm, because they do not negate any of the crime's elements. Moreover, with regards to Pendygraft's statements that she believes she provoked the assault, this Court has held that "the existence of provocation [is] irrelevant to a conviction under [MCL 750.84]." *People v. Mitchell*, 149 Mich. App. 36, 39 (1986). Therefore, we conclude that defendant has not met the heavy burden of rebutting the presumption that his trial counsel was effective, and has not demonstrated plain error.

*Michigan v. Pendygraft*, No. 241756, at 2-3 (Mich. App. Nov. 25, 2003).

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner argues that his trial counsel was ineffective for failing to call the victim to testify. However, petitioner has failed to overcome the presumption that the actions of trial counsel were based on reasonable trial strategy. This is supported by the fact that, as the Michigan Court of Appeals noted, the victim's previous statements left her open to a character attack by the prosecution. In addition, petitioner has failed to show that prejudice resulted from trial counsel's failure to call the victim. Therefore, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Within his first claim, though it does not relate to effective assistance of counsel, petitioner argues that he was denied his due process rights when the trial court permitted hearsay evidence from the victim to be admitted. This argument appears to be based on violations of state evidentiary rules, rather than on a constitutional violation. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.

1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of petitioner's argument should be dismissed.

Petitioner makes two further arguments regarding the assistance of his trial counsel. Petitioner argues that he was denied effective assistance of counsel when the trial court denied a continuance, forbid petitioner from retaining different counsel, and allowed the trial to proceed with petitioner's appointed counsel representing him, despite the existence of a conflict of interest. Additionally, petitioner argues that his trial counsel failed to interview and investigate the victim and other potential witnesses.

Respondent argues that these two arguments are procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to petitioner's claim and that petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default by

making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (*citing Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a vary narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

The arguments that respondent maintains were defaulted were first raised in a collateral appeal by petitioner, and relief was denied by the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. The Michigan Court of Appeals expressly stated that it denied petitioner's application for leave to appeal on the basis that petitioner failed to meet the burden of establishing entitlement to relief under MCR § 6.508(D). Under MCR § 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR § 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-1007 (6th Cir. 2000). Because MCR § 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place some time thereafter, MCR § 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Therefore, petitioner has procedurally defaulted these claims, and review by this court is barred unless petitioner can show cause and prejudice.

Petitioner argues that his appellate counsel's failure to raise the issue of ineffective assistance of trial counsel constituted ineffective assistance of counsel, thus serving as cause to excuse procedural default. The requirements for prevailing on a claim of ineffective assistance of counsel are discussed above. With regard to this ineffective assistance of appellate counsel claim, petitioner has failed to show prejudice. Petitioner provides no factual support for his claim that a conflict of interest existed with his trial counsel or for his claim that his trial counsel failed to interview potential witnesses. Petitioner therefore cannot argue that, had his appellate counsel raised these issues, the result of his appeal would have been different. Accordingly, in the opinion of the undersigned, petitioner's claim of ineffective assistance of counsel based on appellate counsel's failure to raise claims of ineffective assistance of trial counsel is properly dismissed as being without merit. As such, cause has not been established to excuse the procedural default.

Petitioner argues that he was sentenced based on facts not supported by competent evidence. Specifically, petitioner states that his sentence was based on improper scoring of the guidelines and in violation of *Blakely v. Washington*. Petitioner argued that his guidelines were improperly scored in his direct appeal. The Michigan Court of Appeals rejected this claim, stating:

> Defendant next alleges the trial court erred in scoring fifty points for offense variable seven (OV 7), which applies to aggravated physical abuse.
>
> \*\*\*
>
> We conclude that defendant's actions of dragging [victim] Pendygraft through bushes to a house quite a distance away as she was kicking and trying to get away, coupled with the severity of her injuries, present evidence supporting the judge's initial scoring of fifty points.
>
> \*\*\*

> Defendant also contends the trial court erred in scoring fifteen points for OV 10 based on a finding of predatory conduct, rather than at ten points as defendant requested at sentencing.
>
> ***
>
> Defendant was sentenced as a third habitual offender to nine to twenty years' imprisonment based on a total offense variable score of 115 points. Even if OV 10 were scored at ten points as defendant requested instead of fifteen, defendant's total offense variable scoring would be 110 points. . . Thus, even with a rescoring of OV 10, there would be no change in the guidelines' recommendation. Therefore, the error, if any, was harmless, and defendant's sentence must be affirmed.

*Michigan v. Pendygraft*, No. 241756, at 3-4.

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir.1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowers*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.84 provides for a punishment of imprisonment for up to 10 years. Because petitioner was sentenced as a third-offense habitual offender, and pursuant to MCL § 769.11, this statutory maximum may be doubled, increasing the statutory maximum to 20 years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, [though] relief may be required where a petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly

> unauthorized by law. *E.g.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id*. at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Therefore, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for

habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each petitioner's second claim and part of petitioner's first claim was debatable or wrong. Petitioner has failed to show prejudice, or that trial counsel's decision was not based on reasonable trial strategy on his argument that he received ineffective assistance of counsel when he was not able to confront the victim. Petitioner has also failed to show that the sentence imposed exceeded the statutory limit or constituted an arbitrary and capricious abuse of discretion. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

The undersigned recommends that the court deny petitioner's application with regards to part of his first claim on the grounds of procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that part of petitioner's first claim is properly dismissed on the grounds of procedural default. With regards to the arguments made, petitioner has failed to show ineffective assistance of appellate counsel, and therefore has failed to show cause to excuse the procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: July 10, 2009